**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALLAN REFORD, on Behalf of Himself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>SOLAREDGE TECHNOLOGIES INC., SOLAREDGE TECHNOLOGIES LIMITED, ZVI LANDO, AND RONEN FAIER,<br><br>        Defendants. | Case No. 1:22-cv-09423 (JSR) (BCM)<br><br>CLASS ACTION<br><br>**<u>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF EDWIN ISAAC FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>** |

Movant Edwin Isaac ("Movant") respectfully submits this Memorandum of Law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Edwin Isaac as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the defendants in *Allan Reford v. SolarEdge Technologies Inc. et al.,* No. 1:22-cv-09423-JSR filed on June 2, 2022 (the "Action") who purchased or otherwise acquired common shares of SolarEdge Technologies Inc. ("SolarEdge" or the "Company") between August 6, 2020 and October 19, 2022, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Lowey Dannenberg, P.C. ("Lowey") as Lead Counsel for the Class.

**<u>PRELIMINARY STATEMENT</u>**

The Complaint in the Action (ECF No. 1) (the "Complaint" or "¶") alleges that SolarEdge, SolarEdge Technologies Limited ("SolarEdge Ltd."), a subsidiary of SolarEdge, and certain of its officers and executives, including Defendants Zvi Lando, the Company's former board member

and Chief Executive Officer at all relevant times; and Ronen Faier, SolarEdge's Chief Financial Officer at all relevant times (collectively, the "Individual Defendants," and together with SolarEdge and its subsidiary SolarEdge Ltd., "Defendants") defrauded investors in violation of the Exchange Act. SolarEdge investors, including Edwin Isaac, incurred losses following the disclosure of the alleged fraud, which caused the prices of SolarEdge securities to fall sharply, damaging Edwin Isaac and other SolarEdge investors.

Pursuant to the PSLRA, the court must appoint as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchase of SolarEdge securities during the Class Period, Edwin Isaac incurred losses of approximately $1,889.30. *See* Declaration of Andrea Farah in Support of Motion ("Farah Decl."), Ex. A. Accordingly, Movant believes that he has the largest financial interest in the relief sought in the Action.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Edwin Isaac has selected Lowey as Lead Counsel for the Class. Lowey is highly experienced in the area of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Farah Decl., Ex. D. Accordingly, Movant respectfully submits that he should be appointed Lead Plaintiff, and that his selection of experienced class action counsel, Lowey Dannenberg, as Lead Counsel for the Class should be approved.

## STATEMENT OF THE FACTS

As alleged in the Complaint, SolarEdge was founded in 2006 and is a Delaware company with its principle executive offices at 700 Tasman Dr., Milpitas, California. SolarEdge common shares are traded on the NASDAQ under the ticker symbol "SEDG." ¶ 19. Since 2010, SolarEdge

began offering commercial shipments of products for solar PV systems and shipped approximately 29.5 gigawatts ("GW") of DC optimized inverter systems, having their products installed in solar PV systems in 133 countries. As of December 31, 2021, SolarEdge has shipped, in the aggregate, approximately 83.9 million power optimizers and 3.5 million inverters. ¶ 20. SolarEdge is considered a top provider of commercial and residential solar photovoltaic systems ("solar PV systems") and describes itself as a "leading provider of an optimized inverter solution that changed the way power is harvested and managed in photovoltaic [PV] systems." ¶ 19.

On July 28, 2022, Ampt LLC ("Ampt"), a competitor of SolarEdge, filed a complaint in the United States District Court for the District of Delaware, as well as with the International Trade Commission, claiming that SolarEdge's (i) power optimizers for solar power systems, (ii) inverters for solar power systems, and (iii) components thereof ("the Accused Products") infringed on one or more of Ampt's patents. ¶ 23. SolarEdge receives the Accused Products from SolarEdge Ltd., SolarEdge's wholly owned subsidiary, which it then sold throughout the United States. *Id.* Throughout the Class Period, Defendants made false and/or misleading statements and failed to disclose to investors that: (i) the designs of the power optimizers, inverters, and components thereof used to develop SolarEdge's products potentially originated with and were misappropriated from Ampt, a competitor in the renewable energy industry; (ii) Ampt made claims against the Company for misappropriating Ampt's patented technology, (iii) evidentiary support existed for the allegations that SolarEdge misappropriated certain patents relating to the design and development of the Company's power optimizers and inverters; (iv) as a result, SolarEdge faced a threat of regulatory and/or court action, which could prohibit the import, marketing, and sale of its power optimizers and inverters, including solar energy systems that contain such products; which in turn (v) seriously threatened SolarEdge's ability to monetize on their solar energy systems that contain

the power optimizers and inverters in the United States and generate revenue; and (vi) certain revenues generated from the sale of power optimizers and inverters were potentially based on SolarEdge's unlawful activities, including the misappropriation of patented designs by Ampt. ¶ 4.

On August 29, 2022, the ITC voted to institute an investigation of SolarEdge and its subsidiary SolarEdge Ltd. As a result of this news, SolarEdge's stock price fell precipitously closing at $279.46, on August 29, 2022. ¶ 5.

On October 19, 2022, the federal judge presiding over the Delaware Proceeding stayed the Delaware Proceeding pending the findings of the ITC's investigation. On this news, shares of SolarEdge stock fell $4.79 to close at $199.46, on October 19, 2022. ¶ 28.

## ARGUMENT

### I.     THE EXCHANGE ACT PROVIDES THAT A LEAD PLAINTIFF BE APPOINTED FOR CLAIMS BROUGHT AS A CLASS ACTION

Section 21D(a)(3)(A)(i) of the Exchange Act provides that, within 20 days after the date on which a class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class -- (I) of the pendency of action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15  U.S.C. § 78u-4(a)(3)(A)(i).

The Action was filed by Plaintiff Reford on November 3, 2022. On November 3, 2022, counsel for Movant caused a notice to be published over *Accesswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA. *See* Farah Decl., Ex. B. The notice advised members of the Class of the pendency of the action, the claims asserted, the Class Period, and that anyone who wished to serve as lead plaintiff needed to make a motion to the Court until January 3, 2023—*i.e.*, 60 days—

from the date of the notice. *See id.* Accordingly, the notice satisfies all the requirements of the PSLRA.

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the "most adequate plaintiff" to serve as lead plaintiff and shall presume that the most adequate plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

That presumption may be rebutted where the otherwise presumptively most adequate plaintiff:

> (aa) will not fairly and adequately protect the interests of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the Court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v).

## II.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS

Movant should be appointed Lead Plaintiff for the Class because, to his knowledge, he has the largest financial interest in the Action and otherwise satisfies the requirements of Rule 23. As set forth below, Movant satisfies all three of these criteria and is thus entitled to the presumption

that he is the most adequate plaintiff and, therefore, should be appointed Lead Plaintiff for the Class.

**A.      Movant Is Willing To Serve As Class Representative And Has Timely Filed This Motion To Be Appointed Lead Plaintiff**

The first requirement to being appointed a lead plaintiff is to have "either filed the complaint or made a motion in response to a notice . . ." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa). Movant has timely filed the instant motion pursuant to the PSLRA Notice and has attached sworn Certification attesting that he is willing to serve as representative for the Class and to provide testimony at deposition and trial, if necessary. *See* Farah Decl., Ex. C. Movant therefore satisfies the first prong of the lead plaintiff test.

**B.      Movant Has The "Largest Financial Interest" in the Relief Sought by The Class**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Movant has the largest financial interest of any SolarEdge investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, the courts frequently assess the financial interest based upon the factors articulated by the Northern District of Illinois in *Lax v. First Merchants Acceptance Corp*. No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 11, 1997): (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Id*. at *5. The courts in this District have time and again applied these factors. *See, e.g., Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc*., No. 17-CV-06130 (LTS) (SN), 2017 WL

5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004). With respect to the final *Lax* factor, the amount of claimed losses, courts consider this factor as most determinative in identifying the plaintiff with the largest financial loss. *Richman v. Goldman Sachs Grp., Inc.*, 274 F.R.D. 473, 476 (S.D.N.Y. 2011) ("[T]he Lax factors are properly ordered, so that the number of shares purchased (Factor 1) is the least important and the loss suffered (Factor 4) is the most important.").

As set forth in detail in Movant's Loss Calculation Chart, during the Class Period, Movant: (1) purchased 660 shares of SolarEdge; (2) expended $186,125.60 on purchases of SolarEdge securities; and (3) incurred losses of $1,889.30 in connection with his transactions in SolarEdge securities. *See* Farah Decl., Ex. A. To the extent that Movant possesses the largest financial interest in the outcome of this litigation, he is presumptively the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

## C.    Movant Otherwise Satisfies the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. *In re OSI Pharm., Inc. Sec. Litig.,* No. 04-CV-5505 JS ETB, 2005 WL 6171305, at *4 (E.D.N.Y. Sept. 21, 2005). Instead, "[t]he parties moving for lead plaintiff are only required to make prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); see also *Kaplan v. Gelfond,* 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of litigation, only a preliminary showing of typicality and adequacy is

required."). Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

The typicality requirement of Federal Rule of Civil Procedure 23(a)(3) is satisfied if "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp.*, *Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Here, the Movant's claims are typical of those of the Class. Movant alleges, as do all Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts and/or omitting to disclose material facts concerning SolarEdge. Movant, like all members of the Class, purchased SolarEdge's securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove SolarEdge's share price downward. ¶¶ 52, 53. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3). ¶ 46.

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018).

Movant is an adequate representative for the Class. There is no antagonism between the interests of the Movant and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Additionally, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions, such as the Action, and submit his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

## III.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in lead plaintiff to select and retain lead counsel, subject to Court approval. See 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005) Here, Movant has selected Lowey to serve as Lead Counsel for the Class.

### A.    The Court Should Appoint Lowey as Lead Counsel for the Class

As reflected by Lowey's firm resume, Lowey is highly experienced in securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. *See* Farah Decl., Ex. D. Most recently, Lowey served as Lead Counsel to represent the Lead Plaintiff, the New York City Funds, and the certified class in a consolidated securities fraud action against one of the nation's largest hospital systems. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, No. 11-cv-0433 (M.D. Tenn.). On December 15, 2017, the Sixth Circuit Court of Appeals unanimously reversed the district court's dismissal of the amended complaint in that action and upheld the timeliness of the claims for an expanded class period. *See Norfolk Cty. Ret. Sys. v. Cmty. Health Sys., Inc.*, 877 F.3d 687 (6th Cir. 2017), *cert. denied*, 139 S. Ct. 310 (2018). In this important litigation, Lowey ultimately achieved a $53 million settlement, which was finally approved in all respects on June 19, 2020, concluding nearly nine years of hard-fought litigation. United States District Judge Eli Richardson commended Lowey's efforts at the final approval hearing finding that "*counsel for plaintiff has been diligent, very diligent, has worked very hard, knows the case, knows the facts, is very experienced in these sorts of securities fraud class actions, and has gone to the mat for their client for many years*." *See* Farah Decl., Ex. D at 2.

As a result of Lowey's extensive experience in securities litigation and class actions involving issues similar to those raised in the Action, Lowey has the skills and knowledge necessary to enable the effective and expeditious prosecution of these Related Actions. Thus, the Court may be assured that by approving Movant's selection of counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Edwin Isaac as Lead Plaintiff for the Class; and (2) approving proposed Lead Plaintiff's selection of Lowey as Lead Counsel for the Class.

Dated:  January 3, 2023

Respectfully submitted,

*/s/ Andrea Farah*
Andrea Farah

**LOWEY DANNENBERG, P.C.**
Andrea Farah
Alesandra Greco
Vincent R. Cappucci Jr.
44 South Broadway, Suite 1100
White Plains, New York 10601
Telephone: 914-997-0500
Email:  afarah@lowey.com
        agreco@lowey.com
        vcappucci@lowey.com

*Counsel for Lead Plaintiff Movant and Proposed
Lead Counsel for the Class*